UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10249-GAO

In re: SMALL BUSINESS TERM LOANS, INC., d/b/a BFS Capital

OPINION AND ORDER
June 26, 2017

O'TOOLE, D.J.

ABC Disposal Service, Inc. ("ABC") and New Bedford Waste Services, LLC ("NBW") are debtors in Chapter 11 bankruptcy cases being jointly administered under United States Bankruptcy Court for the District of Massachusetts docket number 16-11787-JNF. Small Business Term Loans, Inc., d/b/a BFS Capital ("BFS") filed proofs of claims against ABC and NBW, asserting that each debtor is liable to BFS for moneys due under certain promissory notes. In an adversary proceeding, the debtors objected to the claims and filed counterclaims against BFS, arguing, among other things, that the notes' interest rates were unreasonable and usurious under Massachusetts law and therefore unlawful and unenforceable.

BFS has moved to withdraw the automatic reference of the adversary proceeding, invoking 28 U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The first sentence of § 157(d) *permits* withdrawal of the reference if the district court finds good cause supports that action. The second sentence *requires* withdrawal if the court determines

that resolution of the dispute necessarily involves consideration not only of title 11 law but also "other laws of the United States."

In response to the debtors' claims that the interest rates are usurious and unenforceable, BFS asserts (1) that, because the notes were initially issued by the debtors to BofI, a federally chartered savings association, the Home Owners' Loans Act ("HOLA"), 12 U.S.C. § 1461, *et seq.*, governs the interest rate that may be charged, (2) that the notes' rates were lawful under that statute, (3) that under settled federal case law, a note that was "valid when made" remains valid and enforceable even after it has been transferred to a holder that could not have charged the original rate, see Gaither v. Farmers & Mechanics Bank of Georgetown, 26 U.S. (1 Pet.) 37, 43 (1828) ("[I]f the note [is] free from usury, in its origin, no subsequent usurious transactions respecting it, can affect it with the taint of usury."); Nichols v. Fearson, 32 U.S. (7 Pet.) 103, 106 (1833) ("[A] contract free from usury in its inception, shall not be invalidated by any subsequent usurious transaction upon it."), and (4) that HOLA and the National Banking Act ("NBA"), 12 U.S.C. § 1, *et seq.*, combine to require federal preemption of conflicting state law, such as the Massachusetts usury statute relied on by the debtors. See 12 U.S.C. § 1465(a) (HOLA); id. §§ 85, 86 (NBA).

The question immediately at hand is not whether BFS's arguments are correct, but rather whether resolution of the issues in the adversary proceeding "requires consideration . . . of other laws of the United States" beyond title 11. 28 U.S.C. § 157(d). If so, withdrawal of the reference is mandated.

Courts that have construed this language have drawn a distinction between simply applying an unquestioned legal rule to present facts, on the one hand, and interpreting or analyzing a rule to determine whether to apply it (or to what extent), on the other. See, e.g., In re Vicars Ins. Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996) (stating that "mandatory withdrawal [of a reference] is

required only when [non-title 11] issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law."). Put another way, merely recognizing and applying to the case at hand an uncontroversial non-bankruptcy rule does not qualify as "consideration . . . of other laws of the United States" within the meaning of § 157(d). The commonly applied test is to ask whether resolution of a contested point "involves substantial and material consideration of non-bankruptcy federal statutes." In re Ponce Marine Farm, Inc., 172 B.R. 722, 724 (D.P.R. 1994) (citations omitted). Manifestly, thinking about and deciding whether or how a non-bankruptcy rule ought to be applied when the parties disagree about those questions goes beyond "mere application" of the rule, and requires "consideration" of the pros and cons of applying it.

The debtors' position on this point is a bit muddled. If the non-title 11 rules invoked by BFS are simply "applied" on their face without "consideration" of their pertinence, then the debtors' objection and counterclaims are defeated. But the debtors' essential argument is that those rules should *not* be applied. In support they cite a Second Circuit case where the court decided (in a different, non-bankruptcy context) that the National Banking Act did not preempt New York's usury laws. Madden v. Midland Funding, LLC, 786 F.3d 246 (2d Cir. 2015). Because that case is an example of a court giving *consideration* to the scope and applicability of the federal preemption rule to the matter at hand (and on reflection rejecting applicability), the citation actually works against the debtors' argument here.

There is an important principle underlying the distinction in this context between "mere application" of non-title 11 statutory law and "consideration" of it. Bankruptcy judges must have the authority in resolving title 11 issues to apply established and uncontroversial non-title 11

3

principles as necessary. However, decisions about the meaning and scope of non-title 11 statutes is beyond the delegation of authority to bankruptcy judges, and must rather be assigned to Article III judges. Mandatory withdrawal, when the conditions for it are met, serves that important principle.

Mandatory withdrawal under § 157(d) is required in the present circumstances, and BFS's motion to withdraw the reference as to Adversary Proceeding No. 17-01003 (dkt. no. 1) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge