UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10454-GAO

SMALL BUSINESS TERM LOANS, INC. D/B/A BFS CAPITAL,
Plaintiff,

v.

ABC DISPOSAL SERVICE, INC, and
NEW BEDFORD WASTE SERVICES, LLC,
Defendants.

CIVIL ACTION NO. 17-10249-GAO

ABC DISPOSAL SERVICE, INC, and
NEW BEDFORD WASTE SERVICES, LLC,

Plaintiffs,

v.

SMALL BUSINESS TERM LOANS, INC. D/B/A BFS CAPITAL,
Defendant.

PROTECTIVE ORDER
January 11, 2018

O'TOOLE, D.J.

Pursuant to Federal Rule of Civil Procedure 26(c), Small Business Term Loans, Inc., d/b/a BFS Capital (hereinafter "BFS") has moved for a protective order to prevent, or limit, discovery with regard to specific document requests and interrogatories. (Mot. for Protective Order (dkt. no.

46).[1]) ABC Disposal and New Bedford Waste Services (collectively "the debtors") have jointly opposed the motion.

Federal Rule of Civil Procedure 26(b) governs the permissible scope and limitations of discovery. The recent amendments to Rule 26 emphasize that discovery must be limited to relevant information and it must be "proportional to the needs of the case" when considering factors such as "the amount in controversy, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); see id. advisory committee note on 2015 amendment to Rule 26(b).

BFS seeks a protective order regarding specific document requests and interrogatories, arguing that the information requested is irrelevant to the claims at issue and the expense of providing the requested documents is disproportionate to the needs of the case. The Court has "broad discretion" to determine "when a protective order is appropriate and what degree of protection is required." Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). If good cause exists, then the Court may issue an order protecting the party from being subjected to an "undue burden or expense." Fed. R. Civ. P. 26(c)(1).

BFS has satisfied its burden in demonstrating that good cause exists for a protective order. First, BFS is persuasive in asserting that it should not be required to undertake the significant burden and expense in providing discovery concerning its business practices that do not involve the debtors or their loans. At this time, transactions BFS had with non-parties are of questionable relevance.

---

[1] This motion and its supporting documents were filed in both cases pending before this Court. Unless otherwise noted, citations to the parties' filings will be only to those on the original case's docket (C.A. No. 16-10454).

Equally persuasive are BFS' proportionality-based objections. It not only appears that there would be significant costs associated with compiling, reviewing, and producing approximately 1.4 million pages of documents, (Second Decl. of Alex Nelsas ¶ 6 (dkt. no. 55)), but there would also be the additional expense of redacting those loan documents to protect the private information of non-parties. BFS estimated that producing these documents would increase its discovery expenses by "hundreds of thousands of dollars," which is disproportionate to the amounts actually at stake for either side.

For these reasons, BFS' Motion for Protective Order (dkt. no. 46) is GRANTED, and it is hereby ORDERED that:

1. BFS is not required to produce documents in response to document requests 8, 9, and 23 of the debtors' First Request for Production of Documents;

2. BFS is not required to produce documents in response to document requests 3, 7, and 10 of the debtors' First Request for Production of Documents to the extent those requests do not specifically relate to the debtors or the loans of the debtors at issue;

3. BFS is not required to respond to interrogatories 3, 6, and 8 of the debtors' First Set of Interrogatories; and

4. BFS is not required to respond to debtor's interrogatories 4, 5, and 9 of the debtors' First Set of Interrogatories to the extent those requests do not specifically relate to the debtors or the loans of the debtors at issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge